# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO B. QUINONES; and MARIO I. QUINONES,<br><br>                              Plaintiffs,<br>   vs.<br>CHASE BANK USA, N.A.; and DOES 1 through 10, inclusive,<br>                              Defendants,<br>_____<br>AND RELATED CLAIMS. | CASE NO. 09-CV-2748-LAB (BGS)<br><br>**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** |

On September 30, 2010, counsel for all parties contacted the Court regarding a discovery dispute concerning waiver of the attorney-client privilege based on an inadvertent disclosure. The parties filed a joint motion for determination of discovery dispute regarding the waiver issue on October 8, 2010. (Doc. No. 47.) Pursuant to Civ. L.R. 7.1(d)(1), the Court, in its discretion, finds the joint motion appropriate for resolution without oral argument. The Court, for the reasons set forth below, finds the letter at issue non-privileged and denies Defendant's request for an order requiring Plaintiffs' counsel to return the letter.

**Background**

On September 1, 2010, counsel for Defendant Chase Bank USA, N.A. ("Chase") sent a letter to its Rule 30(b)(6) representative, Karen Trimmer, in preparation for her September 24, 2010

1  deposition. The letter to Ms. Trimmer listed certain materials enclosed for her to review in
2  preparation for her deposition and discussed scheduling of preparation conferences for the deposition.
3  A copy of this letter, without the enclosures, was forwarded to counsel for Plaintiffs Mario B. and
4  Mario I. Quinones, Douglas Jaffe. Defendant asserts that the letter was forwarded to Mr. Jaffe due
5  to an inadvertent clerical error and that Chase's counsel did not intend for Plaintiff's counsel to
6  receive a copy of the letter. The letter is addressed solely to Ms. Trimmer and contains no reference
7  to Mr. Jaffe.[1] The letter does not include any statement that it is a confidential communication or
8  protected by the attorney-client privilege.

9  Chase first became aware that Mr. Jaffe possessed the communication on September 24, 2010,
10 during the deposition of Ms. Trimmer. Mr. Jaffe marked the letter as an exhibit at the deposition, but
11 did not hand a copy to Chase's counsel, as the deposition was taken by video-conference. (Doc. No.
12 47 at 13, Weickhardt Decl. ¶3.) George Weickhardt, counsel for Chase present at the deposition, avers
13 that:

14  Following a single question by Mr. Jaffe, I immediately objected to any questioning
    concerning the letter as barred by the attorney-client privilege. I advised Mr. Jaffe that
15  the Privileged Communication was an inadvertently produced confidential attorney-
    client communication. I also requested that Mr. Jaffe immediately return [] it to me.
16  He refused.

17 (Id., Weickhardt Decl. ¶4.) Mr. Jaffe asserts that, "Chase's representation that only one question was
18 asked about the letter and then there was an objection is incorrect." (Id. at 10.) Mr. Jaffe indicates
19 that the transcript of the deposition is not yet available to Plaintiffs. (Id. at 10.)

20  Wendy Krog, counsel for Chase, avers that she sent a letter to Mr. Jaffe on September 24,
21 2010, advising him that her firm inadvertently disclosed the letter to him, that the letter was subject
22 to the attorney-client privilege, and requesting that he immediately return the letter, as well as any
23 copies he may have made. (Id. at 15, Krog Decl. ¶¶3-4.) On September 29, 2010, Mr. Jaffe faxed Ms.
24 Krog a letter stating that the letter to Ms. Trimmer was not privileged. (Id. at 15, Krog Decl. ¶5.) Mr.
25 Jaffe has not returned the letter.

26  The parties joint motion for determination of discovery dispute asks the Court to determine

27 _____

28  [1]Defendant provided the Court with a copy of the letter for *in camera* review. After reviewing
    the letter, the Court finds these statements to be accurate.

if the letter is in fact privileged, and if so, if the privilege has been waived. Counsel for Chase has submitted the letter to the Court for *in camera* review.

**Discussion**

Plaintiffs Mario B. and Mario I. Quinones brought this action against Defendant Chase for violations of the Federal Fair Debt Collection Practices Act, the Federal Fair Credit Reporting Act, the Rosenthal California Fair Debt Collection Practices Act, negligence, declaratory relief, and injunctive relief. (Doc. No. 1 at 6.) Defendant Chase counterclaimed against Plaintiff Mario I. Quinones for breach of contract and money had and received. (Doc. No. 4-2.) On June 28, 2010, the Court dismissed Plaintiffs' Federal Fair Debt Collection Practices Act cause of action with prejudice. (Doc. No. 27.) Therefore, one federal cause of action remains along with several state law claims. "Where there are federal question claims and pendent state law claims present, the federal law of privilege applies." Agster v. Maricopa County, 422 F.3d 836, 839 (9th Cir. 2005.)

The parties do not dispute that the letter at issue is a communication from an attorney to the client. However, not all attorney-client communications are privileged. The burden of proving that the attorney-client privilege applies rests not with the party contesting the privilege, but with the party asserting it. Weil v. Investment/Indicators, Research and Management, Inc., 647 F.2d 18, 25 (9th Cir.2005). The Ninth Circuit typically applies an eight part test to determine whether material is protected by the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

In re Grand Jury Investigation, 974 F.2d 1068, 1071 n. 2 (9th Cir.1992) (quoting United States v. Margolis (In re Fischer), 557 F.2d 209, 211 (9th Cir.1977)). "The privilege is limited to 'only those disclosures-necessary to obtain informed legal advice-which might not have been made absent the privilege.'" Id. at 1070 (quoting Fisher v. United States, 425 U.S. 391, 403 (1976)). "The attorney-client privilege [also protects] an attorney's advice in response" to a client's request for legal advice. United States v. Bauer, 132 F.3d 504, 507 (9th Cir.1997) (citation omitted).

After reviewing the letter *in camera*, the Court determines that Defendant has failed to meet its burden and that the letter is not a privileged communication. The letter to Ms. Trimmer gives no

legal advice, and does not divulge any privileged material. It simply lists the enclosed unprivileged documents and discusses the scheduling of preparation conferences for the deposition. None of this information is legal advice and Defendant has not shown how this information is privileged. Plaintiffs' counsel could properly ask questions at Ms. Trimmer's deposition about everything contained in the letter even if it was not inadvertently received. See JSR Micro, Inc. v. QBE Ins. Corp., 2010 WL 1338152 *9 (N.D. Cal. 2010) ("There was simply no basis for Defendant's counsel's instructions not to answer questions regarding whether and when [the 30(b)(6) witness] met with counsel."); Mattel, Inc. v. MGA Entm't, Inc., 2010 WL 3705782 * 5 (C.D. Cal. 2010) ("Federal Rule of Evidence 612 renders discoverable 'written materials reviewed prior to a deposition ... to permit discovery of writings [ ] that a witness reviewed before a deposition for the purpose of refreshing his or her recollection.' United States v. 220 Acres of Land, 107 F.R.D. 20, 25 (N.D.Cal.1985). '[A]ny privilege or work product protection against disclosure is deemed waived as to those portions so reviewed.' Id."). As the letter is not a privileged communication, the Court need not address whether Defendant waived the privilege by inadvertently disclosing it to Plaintiffs' counsel.

## Conclusion

The Court, for the reasons set forth above, finds the letter at issue non-privileged. Therefore, the Court denies Defendant's request for an order requiring Plaintiffs' counsel to return the letter and any copies made.

**IT IS SO ORDERED.**

DATED: October 13, 2010

_____
**BERNARD G. SKOMAL**
United States Magistrate Judge