1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9              **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   MARIO B. QUINONES and MARIO I.           CASE NO. 09cv2748-LAB (RBB)
     QUINONES,
12                                            **ORDER GRANTING**
                              Plaintiffs,     **APPLICATION TO AMEND CASE**
13        vs.                                 **MANAGEMENT ORDER**

14
     CHASE BANK USA, N.A.; and DOES 1
15   through 10, inclusive,

16                            Defendants.

17

18        Chase seeks to amend the case management order in this case (Doc. No. 12) so that

19   it can, in turn, amend its pleadings and add a counterclaim against Mario I. Quinones

20   ("Junior").   Chase filed one counterclaim against Junior when it originally answered the

21   complaint.   (Doc. No. 4.)   But information it obtained only recently in discovery, Chase

22   alleges, gives rise to a second counterclaim.

23        The Quinoneses oppose Chases's attempt to amend for what the Court discerns are

24   three reasons.  The first is procedural: Chase filed the application to amend *ex parte*, leaving

25   the Quinoneses with very little time to respond considering the application "is accompanied

26   by a lengthy memorandum and a lengthy declaration, which Chase's counsel took at least

27   5 days to prepare."   The Quinoneses even accuse Chase of violating the Court's own rules

28   regarding *ex parte* motions and communications with the Court.  These concerns are highly

exaggerated. First, the application couldn't possibly have taken 5 days to prepare. The second counterclaim is basically a duplicate of the first, and it is accompanied by a 6-page memo and 4-page declaration. The Court estimates it took no more than 3 or 4 hours for Chase's counsel to put everything together. Second, the Court stands by its decision to receive the application *ex parte*. Discovery is nearing its close and the application is as straightforward as they come; there's no need to calendar it for some date in the distant future and invite pages and pages of briefing. This case needs to keep moving.

The Quinoneses next argue that Chase's own lack of diligence is to blame for its failure to add a second counterclaim earlier in the litigation. They cite cases like *Acri v. Int'l Ass'n of Mach. & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) for the proposition that leave to amend should be denied when a party has known the critical facts "since the inception of the cause of action." But the Quinoneses have no evidence that Chase has been asleep at the wheel in this case. To the contrary, Chase tells a very believable story: Junior didn't admit any responsibility for the 5520 account until his September 21 deposition; in fact, the complaint in this case maintains "neither Mario B. Quinones nor Mario I. Quinones opened [the 5520] account and neither has any responsibility for that account." (Doc. No. 14 ¶ 10.) Chase was able to file its first counterclaim, relating to the 6183 account, only because the complaint conceded that the account was the "sole responsibility of Mario I. Quinones, the adult son of Mario B. Quinones." (Doc. No. 14 ¶ 8.) Absent that kind of admission, Chase had little choice but to wait until it could fully depose Mario I. Quinones to uncover his responsibility for the 5520 account. It is hard to see where the oversight or carelessness is in Chase's conduct, as the Quinoneses allege.

Finally, the Quinones suggest the case will be thrown into disarray if, at this juncture, Chase is allowed to add a counterclaim. The Court doesn't see how. Discovery is open, albeit for limited purposes, through November, and the second counterclaim is a duplicate of the first. It can readily be woven into the ongoing litigation. To the extent additional discovery needs to be taken and the parties cannot agree on the logistics, Judge Skomal

1  may revise the discovery schedule now in place. Any disruption to the case will almost

2  certainly be negligible.  Chase's application to amend is **GRANTED**.

3

4       **IT IS SO ORDERED**.

5  DATED:  October 22, 2010

6

7                              **HONORABLE LARRY ALAN BURNS**
                               United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28