1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10   MARIO B. QUINONES and MARIO I.              Civil No.    09cv2748-AJB(BGS)
     QUINONES,
11                                               **ORDER GRANTING DEFENDANT'S
                                    Plaintiffs,  MOTION TO VACATE CLERK'S
12                                               JUDGMENT; GRANTING IN PART
                                                 AND DENYING IN PART
13                   v.                          DEFENDANT'S MOTION FOR
                                                 RECONSIDERATION; DENYING
14   CHASE BANK USA, N.A.,                       PLAINTIFF MARIO I'S MOTION FOR
                                                 ATTORNEY'S FEES**
15
                                    Defendant.   **[Doc. Nos. 109; 114.]**
16
17

18        On October 7, 2011, Defendant Chase Bank filed a motion to vacate Clerk's Judgment under

19   Federal Rule of Civil Procedure ("Rule") 59(e), or in the alternative, Rule 60(a), or in the

20   alternative, Rule 60(b); and a motion for reconsideration as to the denial of summary judgment as to

21   counterclaims 1, 3, and 4.  On November 1, 2011, Plaintiff filed an opposition.  On November 14,

22   2011, Defendant filed a reply.

23        In addition, on October 11, 2011, Plaintiff Mario I. filed a motion for attorney's fees.  Chase

24   filed an opposition on October 28, 2011.  Mario I. filed a reply on November 10, 2011.  The motions

25   are submitted on the papers without oral argument, pursuant to Civil Local Rule 7.1(d)(1).  After a

26   review of the briefs, supporting documentation, and applicable law, the Court GRANTS Defendant's

27   motion to vacate Clerk's Judgment; GRANTS in part and DENIES in part Defendant's motion for

28   reconsideration; and DENIES Plaintiff Mario I's motion for attorney's fees.

## Background

In the first amended complaint, Plaintiffs Mario B. ("Mario Senior") and Mario I. ("Mario Junior") alleged seven causes of action against Defendant for violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), negligence, declaratory relief, injunctive relief, violation of the Fair Credit Reporting Act ("FCRA"), and violation of the California Consumer Credit Reporting Agencies Act ("CCRAA"). (Dkt. No. 14.) On June 28, 2010, the Court granted Defendant's motion to dismiss the first cause of action under the FDCPA. (Dkt. No. 27.)

On October 25, 2010, Defendant Chase filed a first amended counterclaim against Mario I. alleging breach of contract, and money had and received as to two credit card accounts. (Dkt. No. 55.) On November 8, 2010, Mario I. filed an answer to the first amended counterclaim. (Dkt. No. 60.) On the same day, Mario Senior accepted a Rule 68 offer of judgment which was filed with the Court. (Dkt. No. 61.) On November 10, 2010, the Clerk of Court entered judgment "in favor of plaintiff Mario B. Quinones against defendant Chase Bank USA, N.A. in the amount of $1,001.00, plus reasonable attorney fees and costs." (Dkt. No. 62.)

On September 27, 2011, the Court issued an order granting Defendant's amended motion for summary judgment as to Mario I.; denying Defendant's amended motion for summary judgment as to its counterclaims against Mario I. for breach of contract; granting Defendant's amended motion for summary judgment as to its counterclaim against Mario I. for money had and received as to account ending in 6183; denying Defendant's amended motion for summary judgment as to its counterclaim against Mario I. for money had and received as to the account ending in 5520; and granting Defendant's motion to enforce the Rule 68 offer of judgment as to Mario B. (Dkt. No. 106.) On the same day, the Clerk of Court entered judgment based on the order and the case was closed. (Dkt. No. 107.)

## Discussion

### A.    Defendant's Motion to Vacate the Clerk's Judgment

Defendant seeks relief pursuant to Rule 59(e); or in the alternative, Rule 60(a), or in the alternative, Rule 60(b). Plaintiff opposes without providing any legal support. He merely argues

that since a Clerk's Judgment was entered pursuant to a Rule 68 offer of judgment while other claims were still pending, the Court should find that the Clerk properly entered judgment this time and that there was no clerical mistake. Plaintiff contends that contrary to Chase's argument, the Clerk of Court entered a judgment based on the Rule 68 offer of judgment.

Under Federal Rule of Civil Procedure 54(b), a final judgment may not be issued on less than all claims unless the court determines there is no "just reason for delay." Fed. R. Civ. P. 54(b). Otherwise, no judgment shall be issued on less than all the claims. Id.; Chacon v. Babcock, 640 F.2d 221, 222 (9th Cir. 1982) (without certification, orders partially granting summary judgment are non-final). Under Federal Rule of Civil Procedure 60(a), the court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

The Court notes that a Rule 68 offer of judgment provides for the entry of judgment by the clerk. Rule 68 provides that once the rule 68 offer has been accepted and filed, "[t]he clerk must then enter judgment." Fed. R. Civ. P. 68(a). Therefore, it was proper for the Clerk of Court to previously enter a judgment in this case on November 10, 2010.

On September 27, 2011, the Court issued an order granting in part and denying in part Defendant's motion for summary judgment. (Dkt. No. 106.) Since the Court denied Defendant's motion for summary judgment as to certain claims, not all causes of action were disposed of in the Court's order. Therefore, the filing of a Clerk's Judgment filed on September 27, 2011 is a clerical mistake and should be vacated. Accordingly, the Court GRANTS Defendant's motion to vacate the Clerk's Judgment filed on September 27, 2001 pursuant to Rule 60(a). (Dkt. No. 107.). The Court need not address Defendant's alternative arguments.

**B.      Defendant's Motion for Reconsideration**

Defendant moves the Court to reconsider its order denying Defendant's motion for summary judgment as to its first counterclaim, breach of contract as to the account ending in 6183; third counterclaim, breach of contract as to the account ending in 5520; and fourth counterclaim for money had and received as to the account ending in 5520.

A motion for reconsideration is "appropriate if the district court is provided with (1) newly

1  discovered evidence; (2) clear error or manifest injustice, or (3) if there is an intervening change in

2  controlling law."  School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1263

3  (9th Cir. 1993).  In addition, Local Civil Rule 7.1(i)(1) provides that a motion for reconsideration

4  must include an affidavit or certified statement of a party or attorney "setting forth the material facts

5  and circumstances surrounding each prior application, including inter alia: (1) when and to what

6  judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what

7  new and different facts and circumstances are claimed to exist which did not exist, or were not

8  shown upon such prior application."  Local Civ. R. 7.1(i)(1).

9         **1.     Money Had and Received as to Account Ending in 5520**

10        In the amended motion for summary judgment, Defendant sought judgment on its

11 counterclaim against Mario I. for money had and received on the two credit card accounts.  The

12 Court granted summary judgment as to money had and received on the 6183 account.  However, on

13 the 5520 account, based on the briefs that highlighted that the 5520 account had been sold to

14 Palisades Collections, the Court held that Chase may not be entitled to relief on the 5520 account

15 since it had sold the rights, title and interest to that account.

16        In the motion for reconsideration, Chase states that "Court did not notice that the same

17 collection of Palisades documents establishes that Chase repurchased the 5520 account from

18 Palisades on December 17, 2009."  (Motion at 6.)   In opposition, Plaintiff argues that the issue of

19 who owns the 5520 account is a question of fact which should not be decided on a motion for

20 summary judgment.

21        The Court notes that the district court has no duty to "scour the record in search of a genuine

22 issue of triable fact."  Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1017 (9th Cir.  2010)

23 (quoting Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996)).  In the motion for summary

24 judgment, the Court was alerted to the sale of the 5520 account to Palisades Collection in the

25 parties' briefing and a self-explanatory copy of the bill of sale was provided in the exhibits.  (Dkt.

26 No. 86, Ex. A.)  As to the repurchase, there was no discussion of the repurchase in the briefing and

27 the records regarding the repurchase were not self-explanatory.

28        In the instant motion for reconsideration, Chase provides clarification by providing a

declaration and documents concerning the repurchase.  Based on these documents, the Court concludes that as of December 2009, Chase had the rights, title and interest in the 5520 account.  The Court now reviews the facts regarding the counterclaim for money had and received as to the 5520 account to determine whether there is a genuine issue of material fact.

In the Court's order filed on September 27, 2011, the Court granted Defendant's motion for summary judgment as to the counterclaim against Mario Junior for money had and received as to the credit card account ending in 6183.  On November 5, 2007, Chase received an internet application providing the same name, social security number, address and mother's maiden name as the previous application on the 6183 account.  (Dkt. No. 63, Trimmer Decl. ¶ 7; Trimmer Decl., Ex. A at CH0022 filed under seal.)  At the time, the 6183 account was in good standing and a credit report verified the name, address and social security number on the application and revealed excellent credit.  (Id. ¶ 7; Trimmer Decl., Ex. A at CH0162-CH0207.)  Therefore an account was opened with an account number ending in 5520 and a card and cardmember agreement were sent to "Mario Quinones" on November 7, 2007.  (Id., Trimmer Decl. ¶ 8; Trimmer Decl., Ex. A at CH0300.)   As to the 5520 account, although Mario Junior denied having opened that account, the evidence shows he used the account and made payments on the account.  Storage, Chase's fraud investigator, contacted St. Rita's school and learned that Mario Junior made payments to the school for his children with the card.  (Id., Trimmer Decl., Ex. A. at CH0032.)  Mario Junior even testified that he made payments to his children's school using the credit card.  (Dkt. No. 63, Krog. Decl., Ex. A at 59:16-18 filed under seal.)  In addition, Storage confirmed that "Mario Quinones" had an account with Orange County Credit Union, which is where the payments to the credit card accounts were made.  (Dkt. No. 63, Trimmer Decl., Ex. A., p. CH0032; Storage Decl. ¶ 7.)  In addition, Rent-A-Wheel and from Volvo of Orange County provided copies of sales receipts for account number ending in 5520 and as to the Rent-A-Wheel receipt, it shows Mario Junior's signature as well as a photocopy of Mario Junior's driver's license and a photocopy of the 5520 credit card.  (Dkt. No. 63, Cuevas Aff.; Conkling Aff. filed under seal.)  Mario Junior testified that the Volvo receipts contain his signature.  (Dkt. No. 63, Krog Decl., Ex. A, Mario Junior Depo. at 171:11-17; 172:2-7; 173:1-19.)  As the court noted, Mario Junior did not provide any facts to oppose Defendant's motion for

1  summary judgment as to the counterclaims.

2      A claim for money had and received is stated if it is alleged the defendant "'is indebted to the

3  plaintiff in a certain sum 'for money had and received by the defendant for the use of the plaintiff.'"

4  Farmers Ins. Exchange v. Zerin, 53 Cal. App.4th 445, 460 (1997) (quoting Schultz v. Harney, 27

5  Cal. App.4th 1611, 1623 (1994)).

6      Although Mario I. denied having opened the 5520 account, the documents demonstrate that

7  he made purchases and payments on the 5520 account.  Chase has provided sufficient facts to show

8  that Mario Junior made charges on the 5520 account and is indebted to Chase for money had and

9  received.  Therefore, the Court concludes that  there is no genuine issues of material fact as to the

10  claim for money had and received as to the 5520 account.  Accordingly, GRANTS Defendant's

11  motion for reconsideration as to the fourth counterclaim for money had and received as to account

12  ending in 5520.

13      **2.**      **Breach of Contract as to Account Ending 6183 and 5520**

14      Defendant moves for reconsideration of the Court's order denying motion for summary as to

15  the counterclaims of breach of contract against Mario I. as to the accounts ending in 6183 and 5520.[1]

16

17  The Court concluded that based on the facts presented, there was "no meeting of the minds" when

18  Chase received an application that contained the personal information of Mario B. and believed it

19  was issuing a credit card to Mario Senior, not Mario Junior.  Therefore, in denying Defendant's

20  motion for summary judgment, the Court determined that there was a genuine issue of material fact

21  as to whether there was a meeting of the minds.

22

23      [1]Chase highlights the fact that the Court denied summary judgment on the breach of contract
claims based on grounds that were not asserted in Mario Junior's opposition and therefore, it did not

24  have an opportunity to brief the issue.  First, the motion for summary judgment did not provide any legal
standard or theories for a breach of contract claim and only presented legal support on the theory of
breach of an implied contract.  Therefore, Defendant had an opportunity to brief the issue in its moving

25  papers but did not.  In addition, summary judgment should not be granted if the evidence in support of
the motion is insufficient.  Hoover v. Switlik Parachute Co., 663 F.2d 964, 967 (9th Cir. 1981); Hibernia

26  Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir.1985) ("A
motion for summary judgment cannot be granted simply because there is no opposition, even if the

27  failure to oppose violated a local rule.").  Therefore, Defendant's failure to oppose the motion for
summary judgment on the counterclaims did not relieve the Court from independently reviewing the

28  facts and applying relevant law.

[09cv2748-AJB(BGS)]

In the instant motion for reconsideration, Chase argues three additional theories of contract law[2] to support its motion for reconsideration.  Defendant is attempting to reargue its motion for summary judgment with new theories that it did not present before.  Chase does not explain why these theories of contract law were not presented in the original motion for summary judgment.  In addition, Chase has not presented any new or different facts and circumstances, has not shown clear error or manifest injustice, and has not shown any intervening change in controlling law.  See School Dist. No. 1J, Multnomah County, Or., 5 F.3d at 1263; Local Civ. Rule 7.1(i)(1). Accordingly, the Court DENIES Defendant's motion for reconsideration as to the breach of contract counterclaims on the 6183 and 5520 accounts.  As the Court is denying Defendant's motion for reconsideration, the case will proceed to trial on those claims.

**C.      Plaintiff Mario I's Motion for Attorney's Fees**

On October 11, 2011, Plaintiff Mario I. filed a motion for attorney's fees on the breach of contract claims based on the Clerk's Judgment in this case.  Plaintiff mistakenly presumes that a judgment closing the case was entered on September 27, 2011 and he is the prevailing party.  In opposition, Defendant argues that the judgment entered in this case was in error and a prevailing party is determined once a final judgment is rendered on all counterclaims.

As discussed above, the Clerk of Court mistakenly issued a Clerk's Judgment in this case. The two remaining breach of contract counterclaims are still pending and will proceed to trial. Therefore, there is no prevailing party and Mario I's motion for attorney's fees is premature. Accordingly, the Court DENIES Mario I's motion for attorney's fees.

**Conclusion**

Based on the above, the Court GRANTS Defendant's motion to vacate the Clerk's Judgment filed on September 27, 2011.  The Clerk of Court shall strike the Clerk's Judgment from the docket. The Court also GRANTS Defendant's motion for reconsideration as to money had and received as to the account ending in 5520.  Judgment shall be entered in favor of Defendant against Mario I. in the amount of the principal owed on account 5520 and Chase shall be entitled to the legal rate of

---

[2]The three new theories Chase argues are: acceptance by conduct and retaining benefits; innocent unilateral mistake; and reverse unilateral contract.  (D's Mem. of P & A's at 9-11.)

[09cv2748-AJB(BGS)]

interest of 7% as of the date of default.  The Court DENIES Defendant's motion for reconsideration as to the counterclaims for breach of contract as to the 6183 and 5520 accounts.  The Court also DENIES without prejudice Plaintiff Mario I's motion for attorney's fees.

IT IS SO ORDERED.

DATED:  November 22, 2011

Hon. Anthony J. Battaglia
U.S. District Judge

[09cv2748-AJB(BGS)]