UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO B. QUINONES and MARIO I. QUINONES,<br><br>           Plaintiffs,<br><br>  v.<br><br>CHASE BANK USA, N.A.,<br><br>           Defendant. | Civil No. 09cv2748-AJB(BGS)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>**(Doc. No. 139.)** |

  Before the Court is Defendant's motion for reconsideration of the Court's order granting in part and denying in part Plaintiff Mario B.'s motion for attorney's fees and costs pursuant to Local Rule 7-18[1]; Federal Rule of Civil Procedure 59(e) on the grounds of judicial error; and Rule 60 on the grounds of "mistake" or "any other reason that justifies relief." (Dkt. No. 139.) Plaintiff filed an opposition on March 2, 2012. (Dkt. No. 146.) A reply was filed on March 9, 2012. (Dkt. No. 147.) Based on a review of the papers and the applicable law, the Court DENIES Defendant's motion for reconsideration.

**Background**

  On December 9, 2009, the case was removed to this Court from state court. (Dkt. No. 1.) In the first amended complaint, Plaintiffs Mario B. ("Mario Senior") and Mario I. ("Mario Junior") each alleged seven causes of action against Defendant for violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of the Rosenthal Fair Debt Collection Practices Act

---

[1]The Court notes that there is no Local Rule 7-18 regarding a motion for reconsideration in the District Court for the Southern District of California.

("RFDCPA"), negligence, declaratory relief, injunctive relief, violation of the Fair Credit Reporting Act ("FCRA"), and violation of the California Consumer Credit Reporting Agencies Act ("CCRAA"). (Dkt. No. 14.) On June 28, 2010, the Court granted Defendant's motion to dismiss the first cause of action under the FDCPA. (Dkt. No. 27.)

On October 25, 2010, Defendant Chase filed a first amended counterclaim against Mario I. alleging breach of contract, and money had and received as to the two credit card accounts. (Dkt. No. 55.) On November 8, 2010, Mario I. filed an answer to the first amended counterclaim. (Dkt. No. 60.) On the same day, Mario Senior accepted a Rule 68 offer of judgment which was filed with the Court. (Dkt. No. 61.) On November 10, 2010, the Clerk of Court entered judgment "in favor of plaintiff Mario B. Quinones against defendant Chase Bank USA, N.A. in the amount of $1,001.00, plus reasonable attorney fees and costs." (Dkt. No. 62.)

As to attorney's fees, the Rule 68 offer of judgment states, " . . . plus reasonable attorney fees and costs incurred <u>solely as to Mario Senior's claim for violation of the California Fair Debt Collection Practices Act (Cal. Civ. Code § 1788, et seq.)</u> through and including the day of the making of this offer as determined by the Court, on noticed motion." (Dkt. No. 61) (emphasis in original). Therefore, Plaintiff's attorney's fees and costs are limited Mario Senior's one cause of action under the RFDCPA.

On December 16, 2012, the Court granted in part and denied in part Plaintiff Mario B.'s motion for attorney's fees. (Dkt. No. 143.) Specifically, the Court granted Plaintiff $47,141.00 in attorney's fees. (Id.) The Court denied 25.8 hours totaling $7,611.00 from Plaintiff's request as not concerning Mario B.'s RFDCPA claim and denied Plaintiff request in the amount of 27.9 hours totaling $8,230.50 for fees incurred after October 27, 2010. (Id.) Lastly, the Court denied Plaintiff's request for an upward of adjustment of the lode star amount in the requested amount of $35,0443.35. (Id.) Defendant moves the Court to reconsider its order.[2]

---

[2] In opposition, Plaintiff argues that the Court should reject Defendant's motion because Defendant failed to comply with Local Rule 7.1(i)(1) requiring the moving party to provide an affidavit setting forth facts to support a motion for reconsideration. Defendant argues that it complied by filing the declaration of Wendy Krog as part of its motion for attorney's fees which included the original declaration opposing each billing entry claimed by Plaintiff's counsel (Dkt. No. 139-2.) The Court concludes that the Krog declaration is sufficient to satisfy Local Rule 7.1(i)(1).

**A.     Motion for Reconsideration**

A motion for reconsideration, under Federal Rule of Civil Procedure 59(e), is "appropriate if the district court is provided with (1) newly discovered evidence; (2) clear error or manifest injustice, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); see also Ybarra v. McDaniel, 656 F.3d 984, 998 (9th Cir. 2011).  In addition, Local Civil Rule 7.1(i)(1) provides that a motion for reconsideration must include an affidavit or certified statement of a party or attorney "setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new and different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application." Local Civ. R. 7.1(i)(1).  Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake . . . or (6) any other reason that justified relief." Fed. R. Civ. P. 60(b).

The Court has discretion in granting or denying a motion for reconsideration. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir. 1991).  A motion for reconsideration should not be granted absent highly unusual circumstances. 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).  "A motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision. Collins v. D.R. Horton, Inc., 252 F. Supp. 2d 936, 938 (D. Az. 2003) (citing United States v. Rezzonico, 32 F. Supp.2d 1112, 1116 (D. Az.1998)).

Defendant generally moves for reconsideration on three different theories; however, it does not state which standard applies to which issue.

**B.     Consideration of Chase's Original Declaration**

Defendant argues that the Court's order erroneously excluded Chase's original declaration, that addressed each billing entry provided by Plaintiff's counsel, from consideration.  In the order granting in part and denying in part Plaintiff's motion for attorney's fees, the Court stated that "it will only address the specific arguments and objections that were addressed in its original

opposition, (Dkt. No. 80) and supplemental declaration (Dkt. No. 115)." (Dkt. No. 134 at 5.)

In Plaintiff's original motion for attorney's fees and costs, Plaintiff's counsel included a declaration providing a vague description of the legal work performed by him. (Dkt. No. 67.) Based on the vague billing records, Defendant filed an opposition and declaration addressing each billing entry. (Dkt. No. 80.) Because it was difficult for the Court to ascertain which entries were attributable to the RFDCPA claim, on September 13, 2011, the Court issued an order directing Plaintiff's counsel to resubmit his billing records and to provide more specific information regarding the number of hours spent and to state what portion of the total amount spent was devoted specifically to Mario Senior and his RFDCPA claim. (Dkt. No. 103.) On October 3, 2011 Plaintiff's counsel filed a supplemental declaration providing more details as to each entry on the billing record. (Dkt. No. 108.) Defendant requested leave to respond to Plaintiff's supplemental declaration, and on October 13, 2011, it filed an opposition to Plaintiff's supplemental brief. (Dkt. No. 115.) On October 21, 2011, after being granted leave, Plaintiff's counsel filed a reply. (Dkt. No. 120.)

Defendant complains that the Court did not consider the original declaration filed in opposition to Plaintiff's motion for attorney's fees which addressed each billing entry on the original billing record. It also argues that since the Court limited Chase's supplemental response to ten pages, it was not able to address every single billing record in Plaintiff's supplemental declaration. The Court concludes that Defendant had options available to address each item on the supplemental billing record.

In this district, any motion or any opposition to a motion is limited to 25 pages. See Local Civ. R. 7.1(h). Defendant complied with the 25 page limit when it filed a 25 page memorandum of points and authorities in opposition to the motion for attorney's fees. (Dkt. No. 80.) As part of its opposition, Defendant also attached a 52 page declaration which addressed every billing entry in the original motion for attorney's fees. (Dkt. No. 81.) Therefore, Defendant had the option to file a 10 page memorandum of points and authorities along with a supplemental declaration addressing each of the billing entries in Plaintiff's supplemental declaration. Furthermore, if the page limit was insufficient, Defendant could have also filed a request for leave to exceed the page limit. Therefore,

1  Defendant's argument that it was unable to address all the supplemental billing entries because of
2  the page limit is not persuasive.
3       Moreover, the Court did not address each objection filed in Defendant's original declaration
4  because many of the objections were rendered moot when Plaintiff's counsel filed his supplemental
5  declaration. Therefore, the Court concluded that the original declaration filed was not probative
6  after the supplemental declaration was filed and Defendant failed to bear its burden to show
7  specifically why the fees claimed were excessive, duplicative or unrelated. See Premier Med.
8  Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Ass'n, 163 Cal. App. 4th 550, 564 (2008).
9       Lastly, the Court stated in order that it considered the specific arguments and objections that
10 were addressed in its original opposition. (Dkt. No. 134 at 5.) In conclusion, the Court reviewed all
11 relevant documents in the original motion for attorney's fees, and the Court concludes that
12 Defendant has failed to show that the standard under a motion for reconsideration has been met.
13 Accordingly, the Court denies Defendant's motion for reconsideration on this issue.
14 **C.    Language of the Rule 68 Offer of Judgment**
15      Defendant also contends that the Court ignored the language of the Rule 68 Offer of
16 Judgment which stated that fees were to be limited solely to Mario Senior's RFDCPA claim.
17 Defendant disagrees with the Court's conclusion and is rearguing the arguments he made in
18 opposition to the motion for attorney's fees. (See Dkt. No. 80 at 7.) Chase may not repeat the same
19 arguments that the Court already considered in the prior motion for attorney's fees. See Collins, 252
20 F. Supp. 2d at 938. Accordingly, the Court denies Defendant's motion for reconsideration on this
21 issue.
22 **D.    FCRA and Preemption**
23      Defendant disagrees with the Court's conclusion that an FCRA claim may create a cause of
24 action under the RFDCPA and therefore related for purposes of allocating attorney's fees. The
25 Court agrees with Defendant's analysis regarding the FCRA and preemption of the RFDCPA and
26 concludes that it erred when it stated that improper credit reporting under the FCRA may create a
27 claim of unlawful debt collection under the RFDCPA. The Court intended to state that a letter to a
28 credit reporting agency disputing a debt is appropriate when pursuing a claim under the RFDCPA as

it incorporates by reference provisions under the Federal Debt Collection Practices Act. See Cal. Civ. Code § 1788.17. As Plaintiff points out, the RFDCPA incorporates by reference two provisions of the FDCPA that are relevant. 15 U.S.C. § 1692e(2)(A) prohibits the "false representation of the character, amount, or legal status of any debt", and 18 U.S.C. § 1692e(8) which prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

Defendant presents legal arguments to supports its position but does not point to a specific objectionable billing entry. Plaintiff assumes it concerns the one time entry for .5 hours on July 30, 2008 for a letter written to the credit reporting agencies. (Dkt. No. 146 at 8.) As to the July 30, 2008 letter, in its supplemental reply, Plaintiff states that the "letter disputed the debt and requested verification pursuant to the RFDCPA, California Civil Code section 1788.17." (Dkt. No. 120 at 3.) California Code section 1788.17 incorporates by reference 15 U.S.C. § 1692e(2)(A) and § 1692e(8) which prohibit a debt collector from communicating false information to another a plaintiff's credit information. The letter concerned misrepresenting the character, amount and legal status of the alleged debt. (Dkt. No. 146 at 8.) Therefore, the Court concludes that the letter to the credit reporting agencies is work related to Mario B.'s RFDCPA claim. Accordingly, the Court denies Defendant's motion for reconsideration on this issue.

**E.     California Law Regarding Attorney Fee Awards**

Defendant argues that the Court misinterpreted California law regarding fee awards. Again, Defendant is rearguing its position without providing new facts, without presenting how the court committed clear error or that there is an intervening change in controlling law. See Ybarra, 656 F.3d at 998. Defendant disagrees with the Court's interpretation of the law. This is highlighted by Defendant stating "[a]s Chase pointed out in its original opposition . . . ." (Dkt. No. 139 at 17.)

Under the standard for a motion for reconsideration, the Court concludes that Plaintiff has failed to provide newly discovered evidence, that the court committed clear error or manifest injustice or that there was an intervening change in controlling law. See School Dist. No. 1J, Multnomah County, Or., 5 F.3d at 1263.

Even if the Court were to address Defendant's argument, it would not change the Court's conclusion. "Although we recognize that courts have frequently adhered to the general rule of nonapportionment if claims are overlapping, we are not bound by these decisions because they concern different attorney fee statutes." Mann v. Quality Old Time Service, Inc., 139 Cal. App. 4th 328, 342-345 (2006). "The issue of the proper amount of fees to be awarded when an attorney's time is attributable to recoverable and nonrecoverable claims depends on the legislative intent and policies underlying the specific fee-shifting scheme at issue." Id. (citing Carver v. Chevron U.S.A., Inc., 119 Cal. App. 4th 498, 504–505 (2004) (interpreting Cartwright Act to hold that fees on common issues should not be awarded to defendant on contract claims because the award would undermine legislative intent underlying the Cartwright Act); Cassim v. Allstate Ins. Co., 33 Cal.4th 780, 811 (2004) (Brandt fees may not be obtained for all attorney services even if claims are overlapping); Hensley, 461 U.S. 424 (court should reduce for partial success even where work on claims was overlapping).)

Here, the parties have not presented[3] and the Court has not located any cases regarding an analysis of an allocation of attorney's fee for an RFDCPA claim pursuant to a Rule 68 Offer of Judgment. Defendant argues and cases support the proposition that a Rule 68 Offer of Judgment is a contract between Mario B. and Defendant. Therefore, the Court looks to California law regarding attorney's fees in contract cases for guidance.

In looking at attorney's fees in California contract cases, the cases support the Court's conclusion that allocation is not required for related claims. Attorney's fees are awarded when provided in a statute or contract provision. Reynolds Metal Co. v. Alperson, 25 Cal. 3d 124, 127 (1979); Lerner v. Ward, 13 Cal. App. 4th 155, 158 (1993). When a contract allows for an award of attorneys' fee, a moving party may recover under either California Civil Code § 1717 and California Code of Civil Procedure § 1021. Section 1021 provides, "[e]xcept as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . ." Cal. Code Civ. P. § 1021. Section

---

[3] The cases Defendant cites concern specific attorney's fee statutes not applicable to this case. See Hensley, 461 U.S. at 429 (concerning Civil Rights Attorney's Fees Awards Act); Chavez v. City of Los Angeles, 47 Cal. 4th 970, 989 (2010) (concerning FEHA attorney's fee statute).

1717(a) addresses recovery of attorney fees in contract actions.  Cal. Civil Code § 1717(a).

"Apportionment of a fee award between fees incurred on a contract cause of action and those incurred on other causes of action is within the trial court's discretion." Abdallah v. United Savings Bank, 43 Cal. App .4th 1101, 1111 (1996); see also Erickson v. R.E.M. Concepts, Inc., 126 Cal. App. 4th 1073, 1083 (2005).  "Where a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under [Civil Code] section 1717 only as they relate to the contract action." Reynolds Metals Co., 25 Cal.3d at 129.  However, "[a]ttorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." Id. at 129-30.  As long as the various claims are "inextricably intertwined," Finalco, Inc. v. Roosevelt, 235 Cal. App. 3d 1301, 1308 (1991), making it "impracticable, if not impossible, to separate the multitude of conjoined activities into compensable or noncompensable time units," attorney's fees need not be apportioned.  Fed-Mart Corp. v. Pell Enterprises, Inc., 111 Cal. App. 3d 215, 227 (1980) see also Thompson Pac. Const., Inc. v. City of Sunnyvale, 155 Cal. App. 4th 525, 555-56 (2007); Int'l Marble & Granite of Colorado, Inc. v. Congress Fin. Corp., 465 F. Supp. 2d 993, 1003 (C.D. Cal. 2006) (concluding that the contract cause of action are inextricably linked to the other causes of action and attorney's fees need not be allocated).

In this case, the Court concluded that except for the two claims under the credit reporting acts, all remaining claims alleged, including the FDCPA, negligence, declaratory relief, and injunctive relief, were related to the RFDCPA.  The underlying facts under these claims involve the same core of facts and inextricably intertwined.  Therefore, these claims need not be apportioned.  Accordingly, the Court denies Defendant's motion for reconsideration on this claim.

**Conclusion**

Based on the above, the Court DENIES Defendant's motion for reconsideration.

IT IS SO ORDERED.

DATED: April 13, 2012

Hon. Anthony J. Battaglia

1                                                 U.S. District Judge