UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO B. QUINONES and MARIO I. QUINONES,<br><br>                                        Plaintiffs,<br><br>         v.<br><br>CHASE BANK USA, N.A.,<br><br>                                        Defendant. | Civil No.   09cv2748-AJB(BGS)<br><br>**ORDER DENYING DEFENDANT'S *EX PARTE* MOTION TO CONFIRM STATUTORY STAY OF EXECUTION WITHOUT POSTING BOND**<br><br>**(Doc. No. 155.)** |

On April 19, 2012, Defendant filed an *ex parte* application to confirm statutory stay of execution without posting a bond. On April 23, 2012, Plaintiff filed a response and a supplemental response. (Dkt. Nos. 156-167.) After a review of the briefing and applicable law, the Court DENIES Defendant's *ex parte* motion to confirm statutory stay of execution without the requirement of posting bond.

**Background**

On November 8, 2010, Plaintiff Mario B. accepted a Rule 68 offer of judgment which was filed with the Court. (Dkt. No. 61.) On November 10, 2010, the Clerk of Court entered judgment "in favor of plaintiff Mario B. Quinones against defendant Chase Bank USA, N.A. in the amount of $1,001.00, plus reasonable attorney fees and costs." (Dkt. No. 62.) As to attorney's fees, the Rule 68 offer of judgment states, " . . . plus reasonable attorney fees and costs incurred solely as to Mario Senior's claim for violation of the California Fair Debt Collection Practices Act (Cal. Civ. Code § 1788, et seq.)

through and including the day of the making of this offer as determined by the Court, on noticed motion." (Dkt. No. 61) (emphasis in original).

On December 16, 2011, the Court granted in part and denied in part Plaintiff Mario B.'s motion for attorney's fees. (Dkt. No. 143.) On January 3, 2012, Plaintiff Mario B. filed an application for writ of execution. (Dkt. No. 137.) Defendant filed an opposition on January 6, 2012. (Dkt. No. 140.) Plaintiff filed a reply on January 9, 2012. (Dkt. No. 141.) On January 6, 2012, Defendant moved the Court to reconsider its order. (Dkt. No. 139.) On January 10, 2012, the Court stayed the application for writ of execution until ruling on Defendant's motion for reconsideration. (Dkt. No. 142.) On April 13, 2012, the Court issued an order denying Defendant's motion for reconsideration of its order granting in part and denying in part Plaintiff Mario B.'s motion for attorney's fees. (Dkt. No. 153.)

**Discussion**

Defendant seeks a confirmation of an automatic statutory stay, under 12 U.S.C. § 91, of the Court's order granting in part and denying in part Mario B.'s motion for attorney's fees and costs without posting a bond until the judgment is final which includes the conclusion of any appeals. Plaintiff opposes and argues that there is no automatic stay under 12 U.S.C. § 91 pending final resolution on appeal.

12 U.S.C. § 91[1] provides,

> All transfers of the notes, bonds, bills of exchange, or other evidences of debt owing to any national banking association, or of deposits to its credit; all assignments of mortgages, sureties on real estate, or of judgments or decrees in its favor; all deposits of money, bullion, or other valuable thing for its use, or for the use of any of its shareholders or creditors; and all payments of money to either, made after the commission of an act of insolvency, or in contemplation thereof, made with a view to prevent the application of its assets in the manner prescribed by chapter 4 of title 62 of the Revised Statutes, or with a view to the preference of one creditor to another, except in payment of its circulating notes, shall be utterly null and void; **and no attachment, injunction, or execution, shall be issued against such association or its property before final judgment in any suit, action, or proceeding, in any State, county, or municipal court.**

---

[1] The parties dispute whether Defendant Chase Bank USA, N.A., is a national bank subject to 12 U.S.C. § 91. Defendant requests judicial notice under Federal Rule of Evidence 201(b)(2) of the fact that Chase is a national banking association and provides a copy of the "List of National Banks and Federal Branches and Agencies active as of 3/31/2012" from the Office of the Comptroller. (Dkt. No. 155-1, Krog Decl., Ex. D.) Plaintiff presents evidentiary objections to Exhibit D to Krog's declaration. The Court overrules Plaintiff's evidentiary objections and pursuant to Federal Rule of Evidence 201(b)(2), grants Defendant's request for judicial notice that it is a national banking association.

12 U.S.C. § 91 (emphasis added). Section 91 was enacted in 1873 to "prevent national banks from giving preferential treatment to creditors and to assure the orderly and fair liquidation of insolvent banks." State Bank & Trust Co. of Golden Meadow v. D.J. Griffin Boat, 926 F.2d 449, 451 (5th Cir. 1991). It prohibits liens against a bank's property prior to "final judgment." Id.

The parties dispute the meaning of "final judgment" in the statute and the cases are divided on this issue. Defendant argues that "final judgment" includes the time to file an appeal or disposition on appeal and cites to United States v. LeMaire, 826 F.2d 387, 390 (5th Cir. 1987) (holding that "final judgment" means "a judgment on the merits which is no longer subject to examination on appeal, either because of disposition on appeal and conclusion of the appellate process, or because of the passage, without action, of the time for seeking appellate review"). Defendant also cites to a district court case that relied on LeMaire in its ruling that final judgment means a judgment on which all appeals have been concluded. See In re Richmond Produce Co., Inc., 195 B.R. 455, 466 (N.D. Cal. 1996).

In his supplemental opposition, Plaintiff cites to a district court case that denied the bank's motion to stay the monetary judgment pending appeal without the posting of a supersedeas bond. Gutierrez v. Wells Fargo Bank, N.A., 2010 WL 4688989, *2 (N.D. Cal. 2010). The court rejected the holding in LeMaire as not precedent and because LeMaire contradicts a clear directive of the Supreme Court in Third Nat'l Bank in Nashville v. Impac Limited, Inc., 432 U.S. 312 (1977), regarding the interpretation of a final judgment when applying Section 91. Id. at 1. In Third Nat'l Bank, the United States Supreme Court, after reviewing the three Supreme Court cases that have ever addressed 12 U.S.C. § 91, concluded that the "statute merely prevents prejudgment seizure of bank property by creditors of the bank." Third Nat'l Bank in Nashville, 432 U.S. at 324. Therefore, the district court held that "final judgment" applies to writs issued prior to the entry of final judgment. Gutierrez, 2010 WL 4688989 at 2. In addition, the district court in Gutierrez also cited to the United States Supreme Court case in Melkonyan v. Sullivan, 501 U.S. 89, 95 (1991) which held that a "final judgment is one that is final and appealable" Id. at 95.

The cases that have addressed the definition of "final judgment" under 12 U.S.C. § 91 are not settled. Based on a review on the cases that have addressed this issue, the Court adopts Plaintiff's analysis of "final judgment" under 12 U.S.C. § 91 as it is based on more recent cases and Third Nat'l

1  Bank specifically references that section 91 applies to prejudgment writs. See Third Nat'l Bank, 432
2  U.S. at 324. Accordingly, the Court DENIES Defendant's *ex parte* application to confirm statutory stay
3  of execution under 12 U.S.C. § 91 without the requirement of posting security.
4  IT IS SO ORDERED.

6  DATED: April 24, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge