UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO B. QUINONES and MARIO I. QUINONES,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE BANK USA, N.A.,<br><br>Defendant. | Civil No.   09cv2748-AJB(BGS)<br><br>**ORDER GRANTING DEFENDANT'S *EX PARTE* APPLICATION TO STAY ENFORCEMENT OF COURT'S ORDER WITHOUT POSTING A BOND**<br><br>**(Doc. No. 159.)** |

On April 27, 2012, Defendant filed an *ex parte* application to stay enforcement and, if necessary, for an order setting the amount of a supersedeas bond. (Dkt. No. 159.) On April 30, 2012, Plaintiff filed an opposition. (Dkt. No. 161.) After a review of the briefing and applicable law, the Court GRANTS Defendant's *ex parte* application to stay enforcement pending a possible appeal without posting a bond until May 24, 2012.

**Background**

On November 8, 2010, Plaintiff Mario B. accepted a Rule 68 offer of judgment which was filed with the Court. (Dkt. No. 61.) On November 10, 2010, the Clerk of Court entered judgment "in favor of plaintiff Mario B. Quinones against defendant Chase Bank USA, N.A. in the amount of $1,001.00, plus reasonable attorney fees and costs." (Dkt. No. 62.) As to attorney's fees, the Rule 68 offer of judgment states, " . . . plus reasonable attorney fees and costs incurred solely as to Mario Senior's claim

1 for violation of the California Fair Debt Collection Practices Act (Cal. Civ. Code § 1788, et seq.)
2 through and including the day of the making of this offer as determined by the Court, on noticed
3 motion." (Dkt. No. 61) (emphasis in original).

4     On December 16, 2011, the Court granted in part and denied in part Plaintiff Mario B.'s motion
5 for attorney's fees. (Dkt. No. 143.) Specifically, the Court granted attorney's fees in the amount of
6 $47,141.00 and costs in the amount of $1026.50. (Id.) On January 3, 2012, Plaintiff Mario B. filed an
7 application for writ of execution. (Dkt. No. 137.) Defendant filed an opposition on January 6, 2012.
8 (Dkt. No. 140.) Plaintiff filed a reply on January 9, 2012. (Dkt. No. 141.) On January 6, 2012,
9 Defendant also moved the Court to reconsider its order. (Dkt. No. 139.) On January 10, 2012, the Court
10 stayed the application for writ of execution until ruling on Defendant's motion for reconsideration.
11 (Dkt. No. 142.) On April 13, 2012, the Court issued an order denying Defendant's motion for
12 reconsideration of its order granting in part and denying in part Plaintiff Mario B.'s motion for
13 attorney's fees. (Dkt. No. 153.) On April 19, 2012, Defendant filed an *ex parte* application to confirm
14 statutory stay of execution. (Dkt. No. 155.) On April 27, 2012, the Court denied Defendant's *ex parte*
15 motion to confirm statutory stay of execution without posting bond. (Dkt No. 158.) On the same day,
16 Defendant filed an *ex parte* application to stay enforcement and if necessary, for an order setting the
17 amount of a supersedeas bond. (Dkt. No. 159.) On April 30, 2012, Plaintiff filed an opposition. (Dkt.
18 No. 161.)

19 **Discussion**

20     Defendant seeks a stay of enforcement of the Court's order granting in part and denying in part
21 Plaintiff's motion for attorney's fees until May 24, 2012 while it decides whether to file an appeal by
22 May 14, 2012, and after the parties hold a settlement conference before Magistrate Judge Skomal which
23 is currently scheduled on May 23, 2012. Defendant states that the automatic stay provided for in Federal
24 Rule of Civil Procedure ("Rule") 62(a) ended on April 27, 2012[1] and it believes Plaintiff will apply for

25

26     [1]Plaintiff argues that there is no automatic stay of execution under Rule 62(a) since it only applies to the original judgment and not in a subsequent order ruling on a motion for reconsideration.
27 The Court agrees with Plaintiff's conclusion as Rule 62(a) specifically states that the 14 day automatic stay may be issued on a judgment. See Fed. R. Civ. P. 62(a). Rule 62(b) provides for stays pending the disposition of a motion, including motions for reconsideration under the applicable Rule. See Fed.
28 R. Civ. P. 62(b). Therefore, there is currently no stay of the Court's order.

a writ of execution on Monday, April 30, 2012. Therefore, Chase filed the instant *ex parte* application.

In opposition, Plaintiff argues that Defendant has failed to establish the standard for establishing a stay pending an appeal under Federal Rule of Appellate Procedure 8(a)(1)(A).

**Discussion**

Contrary to Plaintiff's argument, Defendant does not seek a stay pending an appeal but seeks a stay pending a possible appeal as it has not decided whether to file an appeal. Therefore, Plaintiff's analysis under Federal Rule of Appellate Procedure 8(a) does not apply as Appellate Rule 8(a) applies to a stay pending an actual appeal, not a possible appeal. See Fed. R. App. P. 8(a); Nat'l Fisheries Inst., Inc. v. U.S. Bureau of Customs and Border Protection, 05-00683, 2010 WL 5139443, *1 (Ct. Int'l Trade Dec. 17, 2010).

Federal Rule of Civil Procedure 62(a) provides for an automatic stay of execution of a judgment for fourteen days after entry of a judgment. Fed. R. Civ. P. 62(a). After the automatic stay, the Court may continue the stay during various post-judgment motions under Rule 62(b); see also Walnut Creek Manor, LLC v. Mayhew Ctr., LLC, 07-5664-CW, 2010 WL 653561, at *7 (N.D. Cal. 2010).

The Court has discretion to stay execution of a judgment without requiring a bond. See Brooktree Corp. v. Advanced Micro Devices, Inc., 757 F. Supp. 1101, 1104 (S.D. Cal.1990); Fed. Prescription Serv. v. Am. Pharm. Ass'n, 636 F.2d 755, 759-61 (D.C. Cir.1980) (affirming trial court's decision to waive the posting of bond noting that judgment debtor had a net worth of more than 47 times the amount of the judgment); Northern Indiana Pub. Serv. Co. v. Carbon Cnty. Coal Co., 799 F.2d 265, 281 (7th Cir. 1986) (district court has discretion to waive $2 million appeal bond as judgment debtor has the ability to pay the judgment).

A waiver of the bond requirement may be appropriate: "(1) where the defendant's ability to pay is so plain that the cost of the bond would be a waste of money; and (2) where the requirement would put the defendant's other creditors in undue jeopardy." Brooktree Corp., 757 F. Supp. at 1104 (citing Olympia Equip. Leasing Co. v. W. Union Tel. Co., 786 F.2d 794, 796 (7th Cir. 1986)).

Defendant argues that there is good cause to waive the bond requirement because Chase is a substantial banking institution that has the ability to pay the amount of the judgment and the length of

the stay is only twenty-seven (27) days.[2] In addition, if Chase decides to file an appeal, it may be required to post another bond at that time and therefore having to post two bonds is not necessary. Plaintiff contends that Defendant has failed to meet the burden to waive the bond requirement and it attaches an e-mail from defense counsel that Defendant has no offices or employees anywhere other than Delaware. (Opp., Ex. A.) However, Plaintiff does not argue that Defendant does not have the ability to pay the judgment.

The Court takes judicial notice that Chase Bank USA, N.A., is a national banking association. (Dkt. No. 155-1, Krog Decl., Ex. D.)[3] Therefore, it has the ability to pay the amount of the judgment. In addition, since the stay is temporary until May 24, 2012, the Court concludes that it would be a waste of resources to obtain a bond. Accordingly, the Court exercises its discretion and GRANTS Defendant's *ex parte* application to stay enforcement of the Court's order granting in part and denying in part Plaintiff's motion for attorney's fees until May 24, 2012 without posting a bond.

**Conclusion**

Based on the above, the Court GRANTS Defendant's *ex parte* application to stay enforcement of the Court's order granting in part and denying in part Plaintiff's motion for attorney's fees without posting a bond until May 24, 2012.

IT IS SO ORDERED.

DATED: May 1, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge

---

[2] As of the date of the Court's order, the length of the stay is twenty-four (24) days.

[3] In Defendant's prior *ex parte* application, the Court granted Defendant's request for judicial notice that Chase is a national banking association subject to 12 U.S.C. § 91. (Dkt. No. 158.)